UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAISY DELAROSA,

        Plaintiff,

     v.                            Case No:   6:15-cv-1232-Orl-DNF

CAROLYN COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## OPINION AND ORDER

Plaintiff, Daisy Delarosa, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A.   Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B.  Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).  The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability.  20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must prove that she is not undertaking substantial gainful employment.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments.  *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii).  If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled.  20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii).  If she meets this burden, she will be considered disabled without consideration of age, education and work experience.  *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work.  *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work.  20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f).  If the claimant can still perform her past relevant work, then she will not be found disabled.  *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience.  *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*.  In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant.  *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C.  Procedural History

Plaintiff filed applications for a period of disability, DIB and SSI on May 19, 2011, alleging disability beginning December 31, 2008. (Tr. 20, 425, 429). Plaintiff's claims were denied initially on July 13, 2011, and on reconsideration on February 2, 2012. (Tr. 194, 199, 209, 214). Plaintiff requested a hearing and on August 5, 2013, a hearing was held before Administrative Law Judge Ken B. Terry (the "ALJ"). (Tr. 45-57). The hearing was continued because Plaintiff was not represented by counsel and there was outstanding medical evidence. A second hearing was held before the ALJ on December 16, 2013. (Tr. 58-108). On March 24, 2014, the ALJ issued a decision finding that Plaintiff not disabled. (Tr. 17-44). Plaintiff filed a request for review of the decision and, on May 27, 2015, the Appeals Council denied Plaintiff's request for review. (Tr. 1-3). Plaintiff initiated this case by Complaint (Doc. 1) on July 30, 2015.

### D.  Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 31, 2008, the alleged onset date. (Tr. 22). At step two, the ALJ found that Plaintiff had the following severe impairments: diabetes mellitus with evidence of some peripheral neuropathy; generalized osteoarthritis; mild degenerative disc disease of the lumbar spine; mild obesity; and a calcaneal spur in the right heel. (Tr. 22). At step three, the ALJ

found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 24).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, she has the ability to lift/carry and push/pull 20 pounds occasionally, and 10 pounds frequently; sit for four hours at a time and a total of eight hours during an eight-hour day, and stand and/or walk for two hours at a time and a total of six hours during an eight-hour day. While she is precluded from climbing ropes, ladders and scaffolds, she can perform occasional climbing of stairs and ramps and occasional balancing, stooping, kneeling, crouching and crawling. She has no limitations regarding manipulation, vision or communication. She has environmental limitations precluding concentrated exposure to temperature extremes, vibration, and work hazards.

(Tr. 24-25).  At step four, the ALJ relied on the testimony of a vocational expert to find that Plaintiff was incapable of performing her past relevant work as a babysitter. (Tr. 30).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (Tr. 31).  Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could work the jobs of laundry worker, retail marker, and ticket taker.  (Tr. 31).  The ALJ concluded that Plaintiff had not been under a disability from December 31, 2008, through the date of the decision, March 24, 2014.  (Tr. 32).

## II.     Analysis

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by failing to explain why the mental limitation findings of two consultative examiners were not included in the ALJ's RFC finding; (2) whether the ALJ's credibility determination is supported by substantial evidence; and

(3) whether the ALJ's step five determination is supported by substantial evidence.  The Court will address each issue in turn.

### a)   Whether the ALJ erred by failing to explain why the mental limitation findings of two consultative examiners were not included in the ALJ's RFC finding.

Plaintiff argues that the ALJ erred by failing to indicate the weight accorded the opinions of consultative examining physicians Kamir Marrero, Psy.D. and Dmitri Bougakov, Ph.D.  (Doc. 18 p. 15).  Plaintiff contends that while the ALJ outlined these opinions in his severity analysis, he offered no indication of the weight accorded these opinions and offered no explanation as to why these opinions were not included in the RFC determination.  (Doc. 18 p. 15).  In addition, Plaintiff argues that the ALJ's severity analysis shows that the ALJ improperly discounted the opinions and did not weigh the mental health evidence fairly. (Doc. 18 p. 16).

Defendant argues that remand is not required due to the ALJ's failure to state the weight accorded to the opinions of Dr. Marrero and Dr. Bougakov.  (Doc. 21 p. 5).  Defendant notes that Dr. Marrero and Dr. Bougakov were not treating physicians whose opinions were entitled to any deference and the ALJ was not required to show good cause for discounting their opinions.  (Doc. 21 p. 5).  Defendant contends that the ALJ recognized that he must consider all of Plaintiff's impairments and considered Plaintiff's non-severe mental impairments when she had no impairments.  (Doc. 21 p. 6-7).

The record shows that Plaintiff presented to Dr. Marrero by request of the Disability Determination Services for a psychological consultative examination on September 23, 2010.  (Tr. 835-37).  Plaintiff reported symptoms of shakiness, heart palpitations, restlessness, irritability, problems with sleep, and worry. (Tr. 835).  She stated symptoms were due to multiple stressors as she was constantly in fear as her mother died of diabetes and she has diabetes. (Tr. 835).  It was indicated her primary care physician had been prescribing Paxil and Klonopin for the previous two

months.  (Tr. 835).  It was further reported Plaintiff has a tenth grade education with a completion of a GED and a nursing certificate. (Tr. 836).  She indicated leaving her past job due to pain. (Tr. 836).  On examination, Dr. Marrero found affect and mood anxious, and she had some difficulty with cognition but her intelligence was estimated to be in the average range. (Tr. 836).  Dr. Marrero diagnosed generalized anxiety disorder. (Tr. 836).  She opined "[f]unctional ability is mildly to moderately impaired based on her symptomatology." (Tr. 836).

On January 23, 2013, Plaintiff presented to Dr. Bougakov for a consultative psychiatric evaluation. (Tr. 995).  Plaintiff reported difficulty sleeping, a poor appetite, being restless, and excessive worrying. (Tr. 995).  Plaintiff reported her children help her with cleaning, laundry, and shopping, and that she could do some light cooking.  (Tr. 997).  Examination revealed Plaintiff walked with a right limp. (Tr. 996).  Her affect was dysphoric and mood dysthymic.  (Tr. 998).  Her attention and concentration and recent and remote memory skills were mildly impaired.  (Tr. 996).  Dr. Bougakov diagnosed "adjustment disorder with mixed anxiety and depressed mood." (Tr. 997).  Dr. Bougakov opined Plaintiff "can follow and understand simple directions and instructions. She can perform simple tasks, maintain attention and concentration, and maintain a regular schedule." (Tr. 997).  Dr. Bougakov opined Plaintiff "is somewhat limited in ability to learn new tasks and perform complex tasks." (Tr. 997).  Dr. Bougakov opined Plaintiff has mild limitations in ability to deal with stress," though he further opined Plaintiff's psychiatric problems do "not appear to be significant enough to interfere with [Plaintiff's] ability to function on a daily basis." (Tr. 997).

At step two in his decision, the ALJ addressed the records from Dr. Marrero and Dr. Dmitri at length, summarizing their examination findings and opinions as to Plaintiff's mental impairment.  (Tr. 23-24).  After reviewing the opinions, as well as other evidence pertaining to

Plaintiff's mental impairments, the ALJ explained "that while the claimant may have mental impairments, they are not believed to be of disabling proportions."  The ALJ did not mention or state the weight he accorded Dr. Marrero and Dr. Dmitri's opinions when he subsequently explained his RFC determination.  (Tr. 24-30).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178-79 (11th Cir. 2011).  Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

Here, after reviewing the ALJ's opinion in its entirety, the Court finds that it would be inappropriate to remand the case due to the ALJ's failure to specify the weight accorded to the opinions of Dr. Marrero and Dr. Dmitri.  Although an ALJ's failure to explain the particular weight given to the different medical opinions provided is reversible error, when the ALJ's error did not affect its ultimate findings, the error is harmless and the ALJ's decision will stand.  *Tillman v. Comm'r of Soc. Sec. Admin.*, 559 F. App'x 975 (11th Cir. 2014).  While Plaintiff is correct that the ALJ did not specify the weight accorded to these opinions, the ALJ's lengthy treatment of these opinions at step two, as well as the ALJ's recognition that in determining Plaintiff's RFC all impairments, severe and non-severe must be considered, demonstrates that the ALJ considered these opinions in formulating his RFC finding.  To the extent that the ALJ did not include the

mental limitations opined by Dr. Marrero and Dr. Dmitri, it is clear that the ALJ assigned these limitation findings little weight. Thus, it is not the case, here, that it is impossible for a reviewing court to determine whether the ALJ's decision is rational and supported by substantial evidence. The Court therefore declines Plaintiff's request to remand the case for the ALJ to state the weight accorded to the opinions of Dr. Marrero and Dr. Dmitri.

**b)  Whether the ALJ's credibility determination is supported by substantial evidence.**

Plaintiff argues that the ALJ erred by failing to make proper credibility findings. (Doc. 18 p. 18). Plaintiff contends that the ALJ mischaracterized the medical evidence of record and that Plaintiff's daily activities support, rather than detract from, her claim of disability. (Doc. 18 p. 18). In response, Defendant argues that the ALJ properly evaluated Plaintiff's subjective allegations and credibility. (Doc. 21 p. 7).

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. [citations omitted] Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson v. Barnhart*,

284 F.3d at 1225.  "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)).   The factors an ALJ must consider in evaluating a plaintiff's subjective symptoms are:  "(1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; (5) treatment or measures taken by the claimant for relief of symptoms; and other factors concerning functional limitations." *Moreno v. Astrue*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)).

In his decision, the ALJ found that Plaintiff's "statements concerning her impairments and their impact on her ability to work are not fully credible in light of the medical history, the reports of treating and examining practitioners, the degree of medical treatment required and the claimant's own description of her activities and lifestyle, see below." (Tr. 26).  The ALJ proceeded to review the medical evidence of record at length, explaining his credibility finding and RFC determination across approximately five pages of the decision.  (Tr. 25-30).  The Court finds that the ALJ's analysis constitutes substantial evidence supporting his credibility finding.

The Court disagrees with Plaintiff's contention that the ALJ improperly mischaracterized the evidence in making his credibility finding.  While there is evidence in the record that tends to support Plaintiff's contention that she is disabled, this evidence does not mean substantial evidence does not support the ALJ's finding.  The Court must affirm the ALJ's decision even if the proof preponderates against it, so long as substantial evidence, i.e., such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  Here, the ALJ's credibility finding is supported by substantial evidence and the Court affirms the ALJ's finding that Plaintiff was not fully credible.

c)   **Whether the ALJ's step five determination is supported by substantial evidence.**

The third issue raised by Plaintiff is related to the first two.  Plaintiff argues that the ALJ's errors in his treatment of Drs. Marrero and Bougakov's opinions and in analyzing Plaintiff's credibility caused the hypothetical question to the vocational expert to be incomplete.  (Doc. 18 p. 20).  Thus, Plaintiff contends that the vocational expert's testimony does not constitute substantial evidence at step five that there are other jobs Plaintiff could perform in the national economy. (Doc. 18 p. 20).

In order for the testimony of a vocational expert to "constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).  In this case, as explained above, Plaintiff has failed to show that the ALJ erred in his treatment of Drs. Marrero and Bougakov or in his finding that Plaintiff was not fully credible.  The hypothetical question posed by the ALJ to the vocational expert accurately reflected Plaintiff's RFC and the ALJ properly relied on the vocational expert's testimony in finding that there was other work Plaintiff could perform.  (Tr. 24-24, 104-05).  The Court finds no reversible error in the ALJ's reliance on the vocational expert's testimony.

III.    **Conclusion**

The decision of the Commissioner is **AFFIRMED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 21, 2017.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties